# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>TWO CELLULAR TELEPHONES<br>CURRENTLY LOCATED AT THE<br>DAVIDSON COUNTY SHERIFF'S OFFICE | )<br>)<br>)  Case No.  1:22MJ __306__ -1<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Two cellular telephones currently located at the Davidson County Sheriff's Office, as further described in Attachment A

located in the __Middle__ District of __North Carolina__, there is now concealed *(identify the person or describe the property to be seized)*:

Evidence of, instrumentalities used in committing, and fruits of the crimes pertaining to violations of 18 U.S.C. Section 922(g), as further described in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Possession of a Firearm by a Felon |

The application is based on these facts:
See attached affidavit incorporated by reference herein

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/S/ Whitson Frye
*Applicant's signature*

Whitson Frye, FBI TFO
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 8/4/2022

*Judge's signature*

City and state: Winston-Salem, North Carolina

Joi Elizabeth Peake, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| IN THE MATTER OF THE SEARCH OF: TWO CELLULAR TELEPHONES CURRENTLY LOCATED AT THE DAVIDSON COUNTY SHERIFF'S OFFICE 2511 E US HIGHWAY 64, LEXINGTON, NC | Case No. 1:22MJ306 |
|---|---|

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, Whitson Frye, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this Affidavit in support of an Application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – two electronic devices, further described in Attachment A, which are currently in law enforcement possession – and the extraction from these devices of electronically stored information described in Attachment B, for contraband and evidence, fruits, and instrumentalities of violations of Title 18 U.S.C. § 922(g)(1). The two cellular telephones currently located at the Davidson County Sheriff's Office (hereinafter, SUBJECT DEVICES), are described as:

- A black Apple iPhone in a black case, with KNS Precision, Inc. sticker.

- A black Apple iPhone in a black case, with a "square," Venmo, and PayPal sticker.

1

2. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel and witnesses. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## AGENT BACKGROUND AND EXPERTISE

3. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) and have been since September 2018. As such, I am a "Federal Law Enforcement Officer" of the United States of America. I am currently assigned to the FBI Charlotte Division, Greensboro Resident Agency (GBRA), Transnational Organized Crime – Western Hemisphere Task Force. In this capacity, I am authorized to investigate matters involving violations of federal law, which specifically include trafficking of firearms, trafficking of illegal drugs, human trafficking, and bulk US currency smuggling. As an FBI Task Force Officer, I am authorized to investigate violations of federal law and to execute warrants issued under the authority of the United States.

4. I am also a sworn Deputy Sheriff with the Forsyth County Sheriff's Office (FCSO), where I hold the rank of Corporal and have been so sworn since February 2013. While employed by FCSO, I have worked in the Patrol, Community Policing, Criminal Investigations, and Special Investigations Divisions. I have investigated various criminal offenses, to include crimes against property, crimes against persons, and crimes against the government. In addition to mandated training and certification, I have completed more than 350 hours in supplemental law enforcement training courses. Based on my investigations, I have affected numerous on-view and warrant-based felony arrests which led to the successful prosecution of offenders in court. While assigned

2

to the FBI Task Force, I have participated in multiple, large-scale drug investigations which resulted in millions of dollars of narcotics and US Currency being seized. I currently hold an Advanced Law Enforcement Certificate issued by the North Carolina Criminal Justice Training and Education Standards Commission. I also hold a bachelor's degree in Business Administration from High Point University.

5. Through training, investigations, and speaking with persons arrested for controlled substance and firearms offenses, I am familiar with the habits of and terminology used by those engaged in firearm offenses, as well as individuals who purchase and use controlled substances. These individuals frequently use mobile devices to facilitate and memorialize their activity. I know the following:

    a. The evidence, fruits, and instrumentalities of criminal activity are often concealed in digital form, and digital images related to criminal activity are often shared with co-conspirators.

    b. Individuals who possess controlled substances, firearms, and illicit proceeds often photograph themselves holding these items.

    c. Individuals who commit controlled substance and firearm offenses often use text messaging and social media applications to communicate with co-conspirators, sources of supply, and customers.

    d. In numerous cases that I have investigated, the contents of perpetrators mobile phones contained evidence of firearms and controlled substance

offenses, including revealing fruits and instrumentalities, that have furthered my investigation.

## STATUTORY AUTHORITY

6. This investigation concerns alleged violations of 18 U.S.C. § 922 relating to Possession of Firearm by a Prohibited Person.

   a. 18 U.S.C. § 922(g) makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

   b. 18 U.S.C. § 921(a)(3) defines a "firearm" as any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device.

   c. 18 U.S.C. § 921(17)(A) defines "ammunition" as ammunition or cartridge cases, primers, bullets, or propellent power designed for use in any firearm.

## DEFINITIONS

7. Cellular Telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling

communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log" which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic "address books," sending, receiving, and storing text messages and e-mails, talking, sending, receiving, and storing still photographs and moving video; storing and playing audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet. Wireless telephones may also include global positioning system (GPS) technology for determining the location of the device.

8. Digital Camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images and videos. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

9. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often records the locations it has visited. Some GPS navigation devices can give user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the earth. Each satellite contains

an extraordinarily accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio waves, using specifications that are publicly available. A GPS antenna on earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

## IDENTIFICATION OF DEVICES TO BE SEARCHED

10. The devices to be searched are two cellular telephones, the SUBJECT DEVICES, described above and in Attachment A. The devices are currently being held in evidence at the Davidson County Sheriff's Office, located at 2511 E US Highway 64, Lexington, NC, 27292. The devices belong to Zachary Paul Sipe (Sipe), and were seized on July 22, 2022, during the execution of a search warrant on his residence located at 270 Meadowfield Run, Clemmons, NC 27012. The phones were seized incident to the arrest of Sipe. Sipe was arrested by the Davidson County Sheriff's Office and charged with three counts of Possession of Firearm by Felon (North Carolina General Statute 14-415.1). He was given a $45,000 secured bond. He was bonded out later that afternoon by a relative.

11. This Warrant would authorize the forensic examination of the devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## ZACHARY PAUL SIPE IS A CONVICTED FELON

12. FBI personnel performed criminal justice database checks and found that Sipe was a convicted felon out of the State of Utah. This information was confirmed by TFO Whitson Frye

6

via an NCIC Certified Criminal History check. Zachary Paul Sipe was convicted of one count of Burglary (Utah Criminal Code § 76-6-202) on February 3, 2020 in Iron County, Utah. Sipe was sentenced to 0-5 years, suspended, given 36 months' probation, and fined $9,553.00 (suspended). He was then convicted of one count of Distributing a Controlled Substance (Utah Criminal Code § 58-37-8 (1)(A)(II)) on October 7, 2021 in 5th District Court, Washington County, Utah. For this, he was fined $6,333.00, sentenced to 0-5 years, suspended, and given 36 months' probation. He was then convicted of Possession with Intent to Distribute a Controlled Substance (Utah Criminal Code § 58-37-8 (1)(A)(III)) on October 7, 2021 in Iron County, Utah. He was sentenced to 0-5 years, suspended, given 36 months' probation, and fined $9,553.00 (suspended).

## INVESTIGATION

13. In June 2022, the FBI was given an anonymous online tip about some financial transactions made by Zachary Paul Sipe (hereinafter, Sipe). The tip alleged that Sipe had been making purchases from physical stores as well as online retailers who both sell tactical equipment, firearms, firearm parts, and ammunition.

The online retailers mentioned in the tip, with corresponding dates and amounts, were as follows:

- 4/18/22 - Gunmagwarehouse.com, $151.00
- 5/13/22 - Durkin Tactical, $461.38
- 5/20/22 - Norcal Manufacturing, $174.64

As for physical stores, the tip mentioned:

- 4/18/22 - Pro Shots, $34.22

7

- 4/15/22 - Atlas Firearms, $120.63
- 5/11/22 - Atlas Firearms, $66.31
- 5/18/22 – Atlas Firearms, $188.25
- 5/23/22 – Atlas Firearms, $511.36
- 5/26/22 – Atlas Firearms, $171.16

Pro Shots Gun Range is located at 1013 Bethania-Rural Hall Road, Rural Hall, NC 27045. Atlas Firearms is located at 4230 Ebert Road, Winston-Salem, NC 27127. In addition, the online tip mentioned that Sipe paid for a storage unit. No identifying information was given about the storage unit. The tip also alleged that Sipe was not mentally stable.

14. On June 10, 2022, TFO Frye visited Atlas Firearms on Ebert Road in Winston-Salem, NC. Management at Atlas Firearms advised they recognized Sipe (based on a NC DMV photograph shown to them) and that he was in the store often. TFO Frye requested copies of certain transactions. Management was able to find transactions which matched exactly those of the anonymous tip originally received by the FBI. The amount Sipe purchased at Atlas Firearms was $1,057.71 in total. Sipe had purchased snap caps (training ammunition), AR-15 Gunbuilder kit, miscellaneous gun parts, Blackout 300 ammunition, .45 ACP ammunition, and 12-gauge shotgun ammunition.

15. Based on my training and experience, it appeared that Sipe was purchasing parts to build an AR-15 platform rifle. However, a lower receiver was never purchased by Sipe.

16. Management also emphasized that Sipe had been in the store on at least one occasion with a woman. According to management, the same woman had returned to the store a

8

day or two later, alone. On this occasion, she purchased a lower receiver for an AR-15. A lower receiver is an integral part of the construction of an AR-15 platform rifle. The lower receiver is what makes the gun a "firearm" (bearing a unique serial number) and as such, a background check must be ran on the purchaser.

17. After visiting Atlas Firearms, TFO Frye spot checked a residence last known to be Sipe's, located at 270 Meadowfield Run, Clemmons, NC. Each time the address was checked, TFO Frye observed a black Jeep Grand Cherokee parked in the driveway. The registration was NC JJL-7925. When queried through the NC DMV database, the Jeep showed to be registered to Sipe.

18. On the morning of July 22, 2022, TFO Frye and TFO John Price approached the residence located at 270 Meadowfield Run, Clemmons, NC. TFO Price and Frye spoke with Sipe on the front porch of the home. During their conversation, Sipe admitted he had purchased firearm parts and ammunition in the last two months, stating that it was all for friends. Sipe also told TFO Frye that he had gone shooting in the last three months and fired several magazines worth of ammunition through a firearm. When asked about ordering parts and ammunition from online retailers, Sipe stated he would have the packages sent to his residence, located at 270 Meadowfield Run, Clemmons, NC. TFO Price and Frye then asked for consent to look in the residence for illegal firearms, however it was denied.

**EXECUTION OF STATE SEARCH WARRANT**

19. TFO Frye then obtained a NC State search warrant for the residence from Superior Court Judge Eric Morgan. The warrant was served by the Davidson County Sheriff's Office on

9

the same day, July 22, 2022. During the execution of the search warrant, user amounts of cocaine, heroin, and marijuana were all found in Sipe's bedroom. Multiple calibers of ammunition were found in Sipe's bedroom, to include 300 Blackout Rifle ammunition, .45 caliber ammunition, and 12-gauge shotgun shells. All three types of ammunition were types which were specifically noted in the receipts from Atlas Firearms.

20. In Sipe's Jeep, which was specifically covered in the search warrant, officers found multiple calibers of ammunition and three firearms, to include two AR-15 style rifles (chambered in Blackout 300) and one semi-automatic shotgun (12 gauge) with a drum-style magazine (both calibers matching the ammunition bought at Atlas Firearms).

21. Sipe was arrested by the Davidson County Sheriff's Office and charged with three counts of Possession of Firearm by Felon. He was given a $45,000 secured bond. He was bonded out later that afternoon by a relative.

22. After the search warrant was executed, two cellular telephones were seized from Sipe's person incident to arrest. Sipe explicitly stated that both phones were his.

### ONLINE ILLEGAL FIREARMS PURCHASES AND THE USE OF ELECTRONICS

23. Based on my training and experience in criminal investigations, I know that computers, specifically cellular telephones, often referred to as smart phones, often contain evidence of criminal activity. Persons who purchase, use, or sell illegal narcotics often use their cellular telephones to facilitate and conduct said transactions.

24. Likewise, persons who purchase, use, or sell illegal firearms often use their cellular telephones to facilitate and conduct said transactions. Additionally, persons often take and store

10

photographs of weapons and drugs on their cellular telephones. They also retain contact information for firearms and narcotics dealers and customers. A cellular phone, with smartphone capability / internet access, by essence of its mobility, makes access to the internet easy at any time of day and from almost any location. Because of this convenience, one often uses the data service on their phone to browse the internet and shop. A person shopping for guns could easily appeal to this same convenience.

25. I also know that most persons, when seeking directions to or from a destination, use a GPS (Global Positioning System) service, which is normally pre-installed on their smart phone. GPS history and data can be stored via a GPS application on the phone. This data, when retrieved by investigators, can show law enforcement addresses which are frequented by the user of the cellular / smartphone.

26. I also know that most cellular telephones, specifically smart phones, have some type of notepad or notebook feature installed in them. This feature allows the user to write down items and makes lists, which are then stored in the phone and can be recalled at a later time / date. Based on my training and experience, one may often store addresses in their phone, whether in a notebook, or attached to a contact card for a specific person or address or place or business. The storage of the aforementioned address makes it easier to recall an address for the respective person, place, or business when traveling to same. The Applicant believes that evidence, showing the location of a storage unit, will be found in the Subject Devices. The Applicant knows, based on different investigations in his career, that illegal items, often drugs, firearms, and large amounts of currency, are kept in storage units. This Warrant serves to glean information from the

11

aforementioned cellular phones. This Warrant alone does not dictate probable cause for the search of a storage unit.

27. The Applicant believes that the Subject Devices contain evidence of Zachary Paul Sipe shopping for, purchasing, possessing, and/or using firearms, while being a convicted felon. The Applicant knows that Sipe is a felon. The Applicant knows, based on his investigative experience, convicted felons often want to own or possess a firearm, regardless of their status as a felon. Those same convicted felons often seek a companion or family member to purchase a firearm for them so that the felon does not have to risk their name being ran in a background check, which would ultimately result in them being denied the privilege of purchasing a firearm. The Applicant knows that an average adult can purchase tools and parts and seek instruction in order to build an AR-15 platform rifle at their home. All parts, including ammunition, can be purchased without a background check except a lower receiver. The lower receiver is what completes the firearm and which bears a unique serial number designating same as a firearm. The Applicant further knows that individuals, with the status of felon, will often store firearms, where they are not easily accessed by an unknowing party. The Applicant believes that the Subject Devices will contain data pertaining to identifying information of a storage unit / storage facility.

## **CONCLUSION**

28. Based on the aforementioned factual information, the Applicant respectfully submits that there is probable cause to believe that Zachary Paul Sipe is involved in the possession of firearms, in direct violation of 18 U.S.C. § 922(g). Additionally, there is probable cause to believe that evidence of criminal offenses, namely, a violation of 18 U.S.C. § 922(g) is located

12

in/on the SUBJECT DEVICES described in Attachment A, and this evidence, listed in Attachment B to this Affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

29. Because the SUBJECT DEVICES are currently in law enforcement custody, it is requested that the extraction and review pursuant to Attachment B be permitted at a time convenient to the law enforcement officers. Reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

30. Your Applicant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

Respectfully submitted,

/S/ Whitson Frye

Whitson Frye
Task Force Officer
Federal Bureau of Investigation

Dated: August, __4__ 2022

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this written affidavit.

Joi Elizabeth Peake
United States Magistrate Judge
Middle District of North Carolina

13

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The property to be searched include the below SUBJECT DEVICES seized from Zachary Paul Sipe on July 22, 2022 (currently in the custody of the Davidson County Sheriff's Office):

A. Black Apple iPhone in a black case, with KNS Precision, Inc. sticker; and
B. Black Apple iPhone in a black case, with a "square," Venmo, and PayPal sticker.

14

# ATTACHMENT B

## ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of 18 U.S.C. § 922(g):

1. Incoming and outgoing communications, including but not limited to calls, SMS messages, MMS messages, and any third-party application communications that indicate the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition.

2. Photos, Videos, or other images taken or saved to the Devices, or audio recordings, including any voice messages or voicemails, which indicate the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition.

3. Any and all information associated with applications downloaded to the Devices that shows firearms trafficking, payments, or proceeds or applications that facilitate same.

4. Any records or notes regarding the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition, including names and telephone numbers of persons from whom it is suspected firearms were purchased.

5. Any financial transaction history which indicates the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition.

15

6. Any bank records, checks, credit card bills, account information, and other financial records reflecting the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition.

7. Location information, to include GPS coordinates, IP address information, or address history, that corroborates the June 2022 online tip regarding Zachary Paul Sipe or further indicates the purchase, sale, storage, or possession of firearms, firearm parts, or ammunition.

8. Cookies, internet sessions, and internet browsing history which lead to firearm purchases.

9. Notes or other electronic forms of ledgers that would document that ownership of a storage unit.

10. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

If the items to be searched (SUBJECT DEVICES, described in Attachment A) are determined to contain material as outlined above, then the SUBJECT DEVICES may remain in the custody of law enforcement.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

16

by any government personnel assisting in the investigation who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized electronic data to the custody and control of attorneys for the government and their support staff for their independent review.